UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER BONIFACIO,

Plaintiff,

-against-

WHITE PLAINS POLICE DEPARTMENT,

Defendant.

**ORDER OF SERVICE**

26-CV-6252 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is detained at the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights. The Court construes the complaint as asserting federal claims for false arrest, unreasonable search and seizure, and malicious prosecution, as well as related claims under state law. By order dated September 10, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against the White Plains Police Department ("WPPD") and substitutes, under Rule 21 of the Federal Rules of Civil Procedure, the City of White Plains as a defendant; (2) directs service on the City of White Plains; (3) adds as defendants, under Rule 21, the John Doe White Plains Police Officers who allegedly stopped, searched, and arrested Plaintiff; and (4) directs the White Plains Police Department to assist Plaintiff and the Court in identifying the John Doe officers.

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

### A. White Plains Police Department

Plaintiff's claims against the WPPD must be dismissed because, unless otherwise authorized by a municipal charter, municipal agencies, such as WPPD, are not suable entities. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*."); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Charter of the City of White Plains does not affirmatively authorize the WPPD to sue or be sued in its own name. *See generally* Charter of the City of White Plains, Art. VIII (enumerating powers of the Department of Public Safety); *see also Parra v. City of White Plains*, 48 F. Supp. 3d 542, 546 n.1 (S.D.N.Y. 2014) (dismissing claims against WPPD because it "has no separate identity apart from the municipality that created it"). The Court therefore dismisses Plaintiff's claims against the WPPD for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and likely intention to assert claims against the City of White Plains, the Court construes the complaint as asserting claims against the City of White Plains, and directs the Clerk of Court to amend the caption of this action to replace the WPPD with the City of White Plains. *See* Fed. R. Civ. P. 21.

B. Service on City of White Plains

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant City of White Plains through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C. <u>Adding John Doe officers</u>

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). A court can, under Rule 21, "add[] individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25-CV-00284, 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-01723, 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

In the complaint, Plaintiff alleges that, on March 7, 2024, an unspecified number of White Plains Police Officers stopped and arrested him without probable cause or reasonable suspicion and subjected him to an unreasonable search. Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to add "John Doe Police Officers 1-10" as Defendants in this action, under Rule 21. The addition of these individuals as Defendants in this action is without prejudice to any defenses that these Defendants may assert in this action.

D. <u>*Valentin* order</u>

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff, in the Complaint, supplies

sufficient information to permit the White Plains Police Department to identify the White Plains Police Officers whom Plaintiff alleges arrested him and searched him in White Plains on March 7, 2024.[3] It is therefore ordered that the City of White Plains Law Department, which is the attorney for and agent of the White Plains Police Department, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served. The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Upon receipt of this information, the Court will deem the Complaint amended as to those John Doe defendants and will, if necessary, issue an order directing the Clerk of Court to complete the USM-285 form with the address for the newly-named defendants.

## **CONCLUSION**

The Clerk of Court is directed to mail Plaintiff an information packet.

The Court dismisses Plaintiff's claims against the White Plains Police Department. *See* 28 U.S.C. § 1015(e)(2)(B)(ii). The Clerk of Court is directed to add the City of White Plains as a Defendant under Fed. R. Civ. P. 21 and to amend the caption of this action to replace the WPPD with the City of White Plains.

The Clerk of Court is directed to issue a summons for the City of White Plains, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to add "John Doe Police Officers 1-10" as Defendants under Fed. R. Civ. P. 21.

[3] The Court added "John Doe Police Officers 1-10" as a placeholder; the actual number of police officers involved may be more or less than ten.

The Clerk of Court is also directed to mail a copy of this order and the Complaint to the City of White Plains Law Department at: 255 Main Street, White Plains, NY 10601.

SO ORDERED.

Dated: White Plains, New York
September 18, 2026

PHILIP M. HALPERN
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

City of White Plains
255 Main Street
White Plains, NY 10601